IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHAUNCEY GOSTON,**

                **Plaintiff,**

     **v.**                                            **CASE NO. 06-3302-SAC**

**LEROY GREEN, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Wyandotte County Detention Center in Kansas City, Kansas. Plaintiff proceeds pro se, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*Motion for Leave to Proceed In Forma Pauperis*

A prisoner seeking to bring a civil action without prepayment of the district court filing fee is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress, 28 U.S.C. § 1915(a)(1), and to submit a certified copy of the inmate's jail account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated, 28 U.S.C. § 1915(a)(2). Because plaintiff's motion for leave to proceed in forma pauperis includes no certified financial records regarding the assets in plaintiff's inmate account, the court directs plaintiff to supplement the motion with this necessary information. The failure

to do so in a timely manner may result in the dismissal of this action based on plaintiff's failure to either pay the $350.00 district court filing fee, 28 U.S.C. § 1914, or to comply with the statutory requirements for seeking leave to proceed without prepayment of the fee, 28 U.S.C. § 1915.

*Initial Screening of the Complaint*

Additionally, because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff states that he was farmed out from the Wyandotte County facility to the Davies DeKalb County Regional Jail on September 29, 2006.  There he was held from 9PM to 5AM in a 4 x 5 foot cell with no water or toilet, and then placed in B-tank where no bunks were available and he had to sleep on the floor. Plaintiff states he was provided a blanket and sheet, but no mattress or pillow, and not change of underwear or socks his "entire stay" at the regional jail.  On these allegations, plaintiff seeks damages for pain and suffering and mental anguish.  The sole defendants named in the complaint are the Wyandotte County Sheriff and the Mayor of Kansas City, Kansas.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  The court finds the instant complaint is subject to being summarily dismissed

2

because plaintiff's allegations fail to state a cognizable claim of constitutional deprivation.[1]

Prison conditions violate the constitutional prohibition against cruel and unusual punishment if they cause the "unnecessary and wanton infliction of pain" grossly disproportionate to the crime underlying the inmate's incarceration or result "in unquestioned and serious deprivations of basic human needs." Rhodes v. Chapman, 452 U.S. 337, 346-47 (1981). Plaintiff does not indicate the duration of his stay in the regional jail. On the face of the complaint, however, allegations of having to sleep on the floor one night without a mattress or pillow, and of not having replacement underwear or socks for an apparent limited number of days, fall far short of stating a cognizable claim of constitutional deprivation.

Additionally, plaintiff's allegations state no claim for relief against the defendants absent supplementation of the complaint to demonstrate that either defendant personally participated in any alleged violation of plaintiff's constitutional rights. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual

---

[1] Prisoners are required to fully exhaust available administrative remedies prior to filing an action in federal court concerning the conditions of their confinement. 42 U.S.C. § 1997e(a). Here, plaintiff states he submitted an administrative grievance on September 29, 2006, that was never answered, and cites his subsequent return to the Wyandotte County facility. Under the circumstances, summary dismissal of the complaint as stating no claim for relief is still authorized. *See* 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

liability under 42 U.S.C. 1983 must be based on personal involvement in the alleged constitutional violation."); Jenkins v. Wood, 81 F.3d 988, 994- 95 (10th Cir. 1996) ("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.") (internal citation omitted).

Finally, plaintiff's claim for damages for mental anguish is barred absent a showing by plaintiff of a related physical injury. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Plaintiff is thus directed to show cause why the complaint should not be summarily dismissed as stating no claim for relief, pursuant to 28 U.S.C. 1915A(b)(1) and 42 U.S.C. § 1997e(c)(2).

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to supplement the record to provide the certified financial records required under 28 U.S.C. § 1915(a)(2).

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 16th day of November 2005 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge